[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11132
Non-Argument Calendar

_____

D. C. Docket No. 03-00198-CR-ORL-22-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOSVANY JESUS CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 7, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

This appeal of Yosvany Jesus Castro regarding the propriety of his

conviction and sentence for robbery and possession of a firearm during a crime of violence is on remand from the Supreme Court of the United States for further consideration in the light of United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005). See Castro v. United States, — U.S. —, 125 S. Ct. 1986 (2005). We previously affirmed Castro's conviction. United States v. Castro, No. 04-11132 (11th Cir. Dec. 8, 2004). After reconsideration, we affirm Castro's sentence, reinstate our previous opinion with the exception of Part III.D., and replace Part III.D. with the following discussion.

Castro did not object during his sentencing hearing to the mandatory application by the district court of the Sentencing Guidlines. Our review, therefore, is limited to plain error. United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005). "We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. The district court "applied the Guidelines as if they were mandatory, and that constitutes error which is clearly contrary to the law at the time of appeal after Booker." Id. at 1304 (internal quotations omitted). Castro, however, "cannot meet the third prong of plain error review because he cannot show that this error affected his substantial rights." Id.

2

Castro "bears the burden of persuasion with respect to prejudice." Id. To meet this burden, Castro must show "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion." Id. The district court sentenced Castro at the low end of the Guideline range. Such a sentence, however, "establishes only that the court felt that sentence was appropriate under the mandatory guidelines system. It does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime." United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005). Castro also quotes statements by the district court that it considered the Guidelines binding. These statements show that the district court erred by applying the Guidelines as mandatory, but they do not establish a reasonable probability that the district court would have imposed a different sentence if it applied the Guidelines as advisory. Castro, therefore, "cannot meet his burden." Duncan, 400 F.3d at 1304.

After reconsideration, we again affirm.

**OPINION REINSTATED IN PART; AFFIRMED.**